UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV. 4643**

Deanna S. Woods (formerly known as, Deanna S. Strawder)

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Cravath, Swaine & Moore, LLP, et al.

_____

_____

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

☒  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   ***NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   ***NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

☒  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
   ***NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☒  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

☒  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

RECEIVED
JUN 16 2011
PRO SE OFFICE

## I.  Parties in this complaint:

A.  List your name, address and telephone number.  Do the same for any additional plaintiffs named. *Attach additional sheets of paper as necessary.*

Plaintiff    Name    Deanna S. Woods (formerly known as Deanna S. Strawder)

Street Address    3302 Holland Avenue, Apt. 1A

County, City    Bronx County, Bronx

State & Zip Code    New York, 10467

Telephone Number    347-449-7747

B.  List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name    Cravath, Swaine & Moore, LLP

Street Address    World Wide Plaza, 825 Eighth Avenue

County, City    New York County, New York

State & Zip Code    New York, 10019

Telephone Number    212-474-1000

C.  The address at which I sought employment or was employed by the defendant(s) is:

Employer    Cravath, Swaine & Moore LLP

Street Address    Worldwide Plaza, 825 Eighth Avenue

County, City    New York County, New York

State & Zip Code    New York, 10019

Telephone Number    212-474-1000

## II.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  *If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.*  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____    Failure to hire me.

___X___    Termination of my employment.

_____    Failure to promote me.

___X___    Failure to accommodate my disability.

___X___    Unequal terms and conditions of my employment.

*Rev. 05/2010*

2

X       Retaliation.

X       Other acts *(specify)*: Hostile Work Environment      .

*Note:*    *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: July 22, 2008    .

                                                                                 *Date(s)*

C.    I believe that defendant(s) *(check one)*:

        X       is still committing these acts against me.

                 is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☐    race                      ☐    color          

      ☒    gender/sex    pregnancy        ☐    religion        

      ☐    national origin                

      ☐    age.   My date of birth is            *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☒    disability or perceived disability, chronic depression/major depression    *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

SEE ATTACHED STATEMENT OF CLAIMS           

              

              

              

              

              

              

              

*Note:*    *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: June 8, 2010        *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

___X___    issued a Notice of Right to Sue letter, which I received on March 16, 2011 *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

___X___    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: Reinstatement of employment; reasonable accommodations (including, modification of work schedule or change of work shift; revision to "call-in" policy that may affect those with disabilities; re-assignment to a position with reasonable work conditions; punitive damages, court costs; expert fees, and atty. fees

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 15th day of June , 20 11 .

Signature of Plaintiff      *Deanna S. Woods*

Address      3302 Holland Avenue

Apt. 1A

Bronx, NY 10467

Telephone Number      347-449-7747

Fax Number *(if you have one)* _____

*Rev. 05/2010*

4

Statement of Claims

I.      Introduction

Plaintiff became employed with Cravath Swaine & Moore, LLP ("Cravath") on March 5, 2007
as a Night Secretary.  On or about July 22, 2008, Cravath became of aware that plaintiff suffered
from chronic depression (major depression) which is categorized as an ADA disability.  Cravath
learned of this "qualified" disability through a medical certification required by an FMLA
request.  Cravath approved FMLA (in the first instance) with the understanding that plaintiff's
condition worsens intermittently and that she would need flexible time-off on days when the
condition affected her ability to work.  In addition, Cravath was informed that plaintiff was
pregnant and both conditions together exacerbated her condition.    Cravath made no effort to
accommodate plaintiff's disabilities which accommodations would not have caused undue
hardship of the operation of Cravath's business.   Also, during the period of discrimination,
plaintiff was retaliated against from mangers, supervisors and personnel in Human Resources.
These acts led to a hostile work environment because plaintiff's mental condition was not
regarded as a "serious illness" Cravath's "call-in" procedure for ADA qualified persons is illegal.

Because plaintiff's medical condition did not adhere to Cravath's "call-in" policies, Cravath
engaged in discriminatory and harassing practices against plaintiff although plaintiff's doctor
identified her condition as "chronic and complicated by pregnancy."  Cravath violated Title VII
of the Civil Right Act of 1964, Title VII for sex/pregnancy-based discrimination (The Pregnancy
Discrimination Act of 1978, Titles I and V of the Americans with Disabilities Act of 1990, as
amended (ADA) by engaging in such discriminatory and harassing practices against plaintiff.
Cravath also retaliated against plaintiff for complaining about the discrimination by interfering
with the approval of FMLA.  This act is illegal pursuant to U.S. Department of Labor, The
Family and Medical Leave Act of 1993, as amended, Public Law 103-3 Enacted February 5,
1993, 29 U.S.C. § 2601 : US Code - Section SEC. 105.    Plaintiff claims that Cravath also
caused her to suffer mental anguish through the alleged discriminatory timeframe.  Accordingly,
Sections 102 and 103 of the Civil right Act of 1991 make provisions for persons seeking punitive
damage.  Cravath further violated New York State Human Rights Law, N.Y. Exec. Law §§ 290
to 297 and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.


II.      Chronology of Events

On March 16, 2009, (plaintiff's last day before maternity leave) Scott Rademacher
("Rademacher"), Night Manager of Cravath made suggestive comments to plaintiff about not
returning to work and that he thought it would be best for plaintiff to stay home after the birth of
her baby.   When plaintiff returned from maternity leave on May 28, 2008 the discrimination and
harassment ensued.  On June 4, 2009, plaintiff was called into a meeting with Rademacher and
Debra Collum (H.R. Recruiter) and issued a warning that she had no days left and that she could
not miss a day of work or she would be fired.  As a result of this meeting, plaintiff did not miss
any days from May 28, 2009 through December 31, 2009.  During this time, plaintiff had to

choose between her health or the job. The stress and anxiety from a pre-existing medical condition, post-partum depression and Rademacher's harassing behavior negatively impacted plaintiff's mental health.

Despite plaintiff's attempt to balance her medical conditions and work requirements, on January 4, 2010, plaintiff was called into another meeting with Rademacher and Paula Hansen ("Hansen"), Night Coordinator.   Plaintiff received new days for the year and received another warning about scheduling days off and not calling in. At this point, plaintiff became more hopeless and her condition became life threatening. Plaintiff called in sick on January 5, 6 and 7.

On January 25, 2010, plaintiff was called into another meeting with Rademacher and Hansen to discuss call-in days not intended for sickness.   At the meeting, plaintiff tried explaining she was pregnant but Rademacher silenced plaintiff and said the matter would be forwarded to H.R. and he could not guarantee her job.

On February 2, 2010, plaintiff requested vacation time off because plaintiff was suffering from a worsening mental condition as well as early pregnancy symptoms. The vacation request was from February 16th through March 2nd and on the form plaintiff stated "for medical purposes." Typically, vacation requests was either approved or disapproved with a matter of days. However, after one week, plaintiff heard nothing regarding her vacation request. On February 8, 2010, plaintiff inquired with Hansen regarding the status. Hansen told plaintiff that she did not know if it would approved because Barbara Zappavigna ("Zappavigna"), Director of Document Processing, was still reviewing it. Hansen further advised plaintiff never to put "medical purposes" on the vacation form. On February 9, 2010, plaintiff contacted Jennifer Hodgins ("Hodgins"), H.R. Assistant to request FMLA paperwork. Also during this time, Rademacher and Hansen assigned Plaintiff to a highly stressful and physically demanding desk that was unreasonable and disparate from other job assignments at Cravath.

On February 12, 2010, plaintiff was a home sick when she received a call from Hansen stating that her vacation request had been approved. When plaintiff received her copy of the request, the words "for medical purposes" had been scratched off. During the vacation period, plaintiff sought medical treatment at the James J. Peters Veterans Hospital ("VA Hospital"). Also during vacation, plaintiff received a FMLA denial form in the mail from Hodgins. Upon plaintiff's return from vacation on March 3, 2010, Rademacher (who had just been fired) was standing at Cravath's building entrance and stated to plaintiff "thanks a lot" and plaintiff continued to work.

On March 5, 2010, plaintiff's 3-year anniversary with the firm, plaintiff was called into a meeting with Bobbi Jo Brusco ("Brusco"), Assistant H.R. Director, Zappavigna and Hansen. At this meeting, plaintiff was told that she was being placed on probation for absenteeism and punctuality. Plaintiff discussed her mental condition and new pregnancy was the reason for her absences and that she did not have a problem with punctuality. Plaintiff told all in attendance that she felt she was being discriminated against and harassed by Rademacher and that she did

2

not think the probation was fair especially since Rademacher lied about plaintiff having nothing to say during the January 25th meeting.

On March 23, 2010, plaintiff went to work sick and sent an email to Lina Maglara ("Maglara"), Director of H.R.  Plaintiff stated to Maglara that it was of urgency that she needed to meet with her as soon as possible regarding unfair probation, denied FMLA and Rademacher's discrimination and harassment.  On March 25, 2010, plaintiff met with Maglara and Brusco. Plaintiff explained her medical condition and new pregnancy as well as Rademacher's discrimination and harassment.  Plaintiff also stated how stress affects her medical condition and pregnancy.  Maglara seemed to understand plaintiff's position until Maglara stared at the clock and said to Plaintiff [in a mean voice] "you'd better hurry up and get downstairs because it's almost 5:00 and you can't be late".   In retaliation of plaintiff's charge of discrimination and harassment, on March 26, 2010, plaintiff received a telephone call from Maglara that she was being placed on administrative leave and that a representative from Harris Rothernberg LLP (Cravath's EAP) would be contacting her for an evaluation.  On March 29, 2010, plaintiff received approval of FMLA from Hodgins.

On April 1, 2010, plaintiff was evaluated by Dr. Robert Gordon (an independent psychologist) hired by Cravath who found plaintiff to be competent and could return to work on April 12, 2010.  However, when plaintiff went to see her doctors at VA Hospital she was advised against returning to work and that she needed further treatment.   Since this time, plaintiff has been receiving treatment for her mental conditions.

On May 8, 2010, Plaintiff sent a formal letter of discrimination to Cravath (See Exhibit 1).

On June 8, 2010, Plaintiff submitted a charge of discrimination with EEOC (See Exhibit 2).

On March 16, 2010, Plaintiff received Right to Sue Letter from EEOC (See Exhibit 3).

On November 10, 2010, plaintiff received a letter from Eric Lichtman ("Lichtman"), Employee Benefits Manager stating job conditions while on Long Term Disability.  Specially, Lichtman stated in his letter that her employment status with Cravath was inactive and they would not be able to hold her position until her disability ends.  Cravath encouraged plaintiff to apply for a position when her health returns.  Plaintiff interprets this language as a constructive discharge from Cravath.

**EXHIBIT 1**

Deanna S. Woods
3302 Holland Avenue
Apartment 1A
Bronx, NY 10467

May 20, 2010

By Certified Mail (Return Receipt Requested)
Cravath, Swaine & Moore, LLP
World Wide Plaza
825 Eighth Avenue
New York, NY 10019

Re:   Formal Complaint of Discrimination, Harassment, Hostile Work
      Environment and Retaliation

Dear Sirs/Madam:

With great disappointment, I submit this letter as my formal complaint of
discrimination, harassment, hostile work environment, and retaliation against Scott
Radermacher, Barbara Zappavigna, Paula Hansen, Bobbi Jo Brusco, Lina Maglara and
Cravath, Swaine & Moore, LLP (or "CS&M").

BACKGROUND

As of July 22, 2008, CS&M became aware of my chronic medical condition (which was
approved through the Family Medical Leave Act (or "FMLA")). The main stipulation in
the FMLA was to have flexible time off because my condition becomes severe at times.
CS&M was also aware that my medical condition was intermittent and could happen at
any time. Because my medical condition did not adhere to the "call-in" procedures of
the Night Department, I became a victim of discrimination and harassment from Night
Manager, Scott Rademacher and others.

Shortly after July 22, 2008, I became pregnant and the discrimination and harassment
intensified. I was not treated like other pregnant women in the firm. Because Night
Secretaries are generally older workers (well beyond their childbearing years), I received
treatment that was not customary for pregnant secretaries working during the day shift
who are generally younger workers. For example, CS&M's policies states that pregnant
women going on maternity leave will receive an exit interview upon leaving. However, I
did not receive an exit interview and getting answers regarding benefits, time off, etc.
from Human Resources was not an easy task. Instead, on my last day at CS&M prior to
maternity leave, I was confronted by Scott Rademacher in the hallway and was asked if I
would be coming back to the office. When I responded that I would be returning, he
laughed saying "You really should stay at home with your baby."

Upon my return to CS&M from maternity leave on March 17, 2009, I was immediately called into a meeting with Scott Rademacher. Scott informed me that I did not have any days left and that I would have to be at work everyday or I would not have a job. As a result of this meeting, I feared losing my job and worked from May 22, 2009 through December 31, 2009 without missing a day (except to attend a funeral) despite my medical condition and having a newborn baby at home.

On January 4, 2010, I was called into yet another meeting with Scott Rademacher. Scott informed me that although it was a new year and I had days available, I must schedule any days off. The very next day, my daughter became sick and I called-in. Also during this time, I took several sick days due to illness from early pregnancy. Towards the end of January 2009, I was called into yet another meeting with Scott Rademacher to discuss my "call-in" days.

## CURRENT DISCRIMINATION, HARRASSMENT, HOSTILE WORKPLACE & RETAILIATION

On or about January 25, 2010, Scott Rademacher (Paula Hansen, Night Coordinator, was also in attendance) met with me to discuss my attendance and, of course, "call-in" days. During the meeting, Scott began to question why I took off so many days and as I began to explain, he stopped me by saying "I don't want to hear it!" He told me he would refer the matter to Human Resources and did not know what the outcome would be.

After this meeting, I became extremely distraught and on February 2, 2010, I requested two weeks vacation (beginning February 16th through March 2nd) so I could get through the early weeks of my pregnancy without having to "call-in" and so I could deal with the increased level of depression I was feeling at that time. On the Vacation Request Form, I stated that I wanted to take time off due to "medical purposes". When I inquired about the status one week later, I was told by Paula Hansen that my request was being held by Barbara Zappavigna because I had "called-in" too many days. This is just another example of the discrimination and harassment I was experiencing.

I then requested FMLA paperwork from Human Resource's, Jennifer Hodgins, so that I could get time off to deal with my medical condition and a new pregnancy. On February 12, 2010, I received a call at home from, Night Coordinator, Michelle Napoletano, advising that my vacation request had been approved and later discovered that the term "medical purposes," which I had written on my request form, had been scratched off.

During my vacation on February 19, 2010, my doctor at the Veteran's Hospital completed the FMLA paperwork which was subsequently not approved by Human Resources. In fact, FMLA was not approved because Human Resources wanted to focus more on the term "treatment time" rather than the term "flexible time off." My doctor and I both agree that the FMLA form was filled out corrected and it stated everything that needed to be said concerning my medical condition and pregnancy. Again, this is just another example of how the discrimination and harassment continued.

I returned from vacation on March 2, 2010 and a few days later on March 5, 2010 (my 3-year anniversary with CS&M), I was called into another meeting. This time, I met with Bobbi Jo Brusco, Barbara Zappavigna and Paula Hansen. During the meeting I was told that I was being placed on probation for attendance and lateness. I immediately began explaining that I was chronically depressed, pregnant and tried to tell Scott what I was dealing with during the late January meeting but the expressions on their faces were cold and unsympathetic. Next, I received a copy of the probation memo and made immediate note of Scott Rademacher's comments that I did not have anything to say during our late January meeting. I explained that Paula Hansen was a witness that Scott did not give me an opportunity to explain myself but she just sat there making no comment. Nonetheless, Bobbi Jo insisted that the probation would stand and that I could not call-in or be late for ninety days. I further explained that I never had a problem with lateness but yet lateness was added to this probation. I told Bobbi Jo Brusco, Barbara Zappavigna and Paula Hansen that I felt the probation was unfair and based on a lie.

Although Bobbi Jo Brusco, Barbara Zappavigna and Paula Hansen were made aware of my medical condition and pregnancy during the March 5th meeting, I continued to be assigned to a highly stressful and physically demanding desk. I covered satellite 4539A where I was expected to cover for more than eight associates within the satellite and five partners who were located outside the satellite area. I was required to answer phones, take hand written message, and run around the corner to ensure that partners received a timely announcement of the caller and/or any messages. This type of secretarial assignment does not exist anywhere else on the night shift. What is really ironic about this scenario is that the other partner suite on this floor consisted of three partners but had a night secretary to cover it exclusively. Also, there are two other satellites on this floor that does not carry the burden of partner suites only satellites.

On March 23, 2010, I came to work sick and sent an email to Lina Maglara to express my discontent. In the email, I explained that I had to come to work sick despite my medical condition and being pregnant and that I needed to meet with her immediately. I received a return email from Lina Maglara stating she could meet with me on March 25, 2010. Although most competent Human Resources Directors would advise a sick employee to go home, Ms. Maglara did nothing of the sort.

On March 25, 2010, I met with Lina Maglara (Bobbi Jo Brusco was also in attendance) to discuss several issues: Scott Rademacher's discrimination and harassment against me; FMLA paperwork that was in limbo; an unfair probationary status based on a lie and to further explain how stress affects my medical condition and pregnancy. During our conversation, I passionately stated how I was feeling and the above issues in detail, but my main objective was to explain how the current harassment and discrimination was affecting my condition and creating an enormous amount of stress. I also tried to convey to Ms. Maglara that I am a competent worker with a medical condition and

pregnant—not someone trying to get out of work. She seemed to understand my position and stated she would look into everything further.

On March 26, 2010, I received a call from Lina Maglara stating that CS&M was putting me on administrative leave because they were concerned about me. Initially, I did not understand the conditions of the leave until I spoke with a Harris Rothenberg representative who explained that Ms. Maglara was having me evaluated. I feel this was an act of retaliation against my complaint of discrimination and harassment against Scott Rademacher, others named within this letter, and CS&M.

I feel I am a victim of disparate treatment and a hostile work environment based upon illegal factors such as medical condition and pregnancy. I am extremely disappointed by what I have experienced at CS&M given that I sought employment with this firm based on their good reputation concerning women, children, and family as a whole.

Please be aware that I plan to file a formal complaint of discrimination and harassment with the EEOC within the next seven (7) days.

Respectfully submitted by,

*Deanna S. Woods*

Deanna S. Woods

cc:   Evan Chesler (by certified mail)
      Steven Speiss (by certified mail)

**EXHIBIT 2**



### U.S. Equal Employment Opportunity Commission
### New York District Office

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: CRAVATH, SWAINE & MOORE LLP
EEOC Charge No.: 520-2010-02466
FEPA Charge No.:

July 19, 2010

**Deanna Woods**
**3302 Holland Avenue, Apt 1A**
**Bronx, NY 10467**

Dear Mrs. Woods:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

    [ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)
    [ ]    The Age Discrimination in Employment Act (ADEA)
    [ X ]    The Americans with Disabilities Act (ADA)
    [ ]    The Equal Pay Act (EPA)
    [ ]    The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

    [X]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

    New York State Division Of Human Rights
    Federal Contract Unit
    One Fordham Plaza, 4 Fl.
    Bronx, NY 10458

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

*j. W.*

John Waldinger
Supervisory Investigator
(212) 336-3776

www.eeoc.gov

Enclosure(s)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 520-2010-02466 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Deanna Woods | (347) 449-7747 | 04-08-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3302 Holland Avenue, Apt 1a, Bronx, NY 10467 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Cravath, Swaine & Moore LLP | 500+ | (212) 474 – 1000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 825 Eighth Ave.   New York, NY 10019 | EQUAL EMPLOYMENT COMMISSION  JUN 10 2010 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  6/10

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Since 2007, I have worked as a secretary for Cravath, Swaine, & Moore, LLP ("Respondent"). As of July 22, 2008, Respondent has been aware of my medical disability, chronic depression. I submitted a doctor's note confirming the diagnosis, whose instructions stipulated that it was necessary for my condition that I be able to have a flexible work schedule, and be able to take days off as needed. Respondent's medical leave policy is that an employee is permitted to take five years of sick leave per year, and leave beyond that is disapproved of. This policy fails to accommodate my disability. Because Respondent does not like that I need to take days off, it engages in harassing behavior, and I believe I will soon be terminated.

After I returned from maternity leave, on March 17, 2009, my supervisor Scott Rademacher told me that if I missed any more days, I would be fired. Although this conflicted with my medical needs, from May 22 through December 31, 2009, I missed only one day of work.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| 6-8-10 | _Deanna S. Woods_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 8th |
|---|---|---|
| Date | Charging Party Signature | (month, day, year)  June 2010 |

Jason DeJesus
Notary Public, State of New York
No. 01DE6029722
Qualified in Westchester County

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2010-02466 |
| | and EEOC |

_State or local Agency, if any_

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In February 2010, I submitted my paperwork for ~~maternity~~ *Family Medical* leave.  In early March 2010, I was told that I was being put on probation for attendance and lateness.  This is inaccurate; as the sign-in sheets that have times written in will indicate, I was not late during this period, nor was I excessively absent.

During this time, I was assigned to an undesirable, physically demanding location in the office.
On March 25, 2010 I met with Lina Maglara in Human Resources and explained that I felt I was being discriminated against because of my pregnancy and disability, which was causing me a great amount of stress, and exacerbating my medical condition.
On March 26, I was told that I was being placed on administrative leave, and later found out that it was so Respondent could evaluate my competency.  Upon information and belief, Respondent is having me evaluated so that it can eventually fire me.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

| | | |
|---|---|---|
| 6-8-10 | _Deana S. Woods_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  JUNE 2010 |
| Date | Charging Party Signature | Jason DeJesus<br>Notary Public, State of New York<br>No. 01DE6029722<br>Qualified in Westchester County |

**EXHIBIT 3**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Deanna Woods
3302 Holland Avenue, Apt. 1A
Bronx, NY 10467

*Deanna Woods v. Cravath, Swaine,, and Moore*
*EEOC Charge No:. 520-2010-02466*

Dear Ms. Woods:

This Office is in receipt of your email dated February 21, 2011 requesting a Notice of Right to Sue regarding the above-captioned charge.

As requested, enclosed herewith is the Notice of Right to Sue, affording you an opportunity to commence a private lawsuit against Respondent in Federal District Court. Upon receipt of same, the matter may be pursued by filing suit within 90 days or your right to sue will be lost.

Should any questions arise, feel free to contact Investigator Emily Haimowitz directly at (212) 336 – 3759.

Sincerely,

Elizabeth Grossman
Acting District Director

3/15/2011
Date

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Deanna Woods<br>3302 Holland Avenue<br>Apt 1a<br>Bronx, NY 10467 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No.<br><br>**520-2010-02466** | EEOC Representative<br>**Emily F. Haimowitz,**<br>**Investigator** | Telephone No.<br><br>**(212) 336-3759** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Elizabeth Grossman*                                3/15/2011
                                                  (Date Mailed)

Enclosures(s)

**Elizabeth Grossman,**
**Acting District Director**

cc:    **Stuart Gold**
       **CRAVATH, SWAINE, & MOORE LLP**
       **Worldwide Plaza**
       **825 Eighth Avenue**
       **New York, NY 10019**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

10467865646 C012

Deanna Woods
3302 Holland Avenue
Apt 1a
Bronx, NY 10467