UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deanna S. Woods,<br><br>            Plaintiff,<br><br>  vs.<br><br>Cravath, Swaine & Moore LLP,<br><br>            Defendant. | 11 CIV. 4643 (DLC)<br><br>**ANSWER AND DEFENSES**<br><br>**ECF CASE** |

    Defendant, Cravath, Swaine & Moore LLP ("Cravath"), for its Answer to the Complaint states as follows:

### **The Parties**

    1.  Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in Section I.A. and therefore denies them.

    2.  Cravath admits the averments in Section I.B.

    3.  Cravath admits the averments in Section I.C.

### **Statement of Claim**

    4.  Cravath denies the averments in Section II.A.

    5.  Cravath denies the averments in Section II.B.

    6.  Cravath denies the averments in Section II.C.

7. Cravath denies the averments in Section II.D.

8. Cravath admits the averments in the first sentence of the first paragraph of Section II.E.[1]

9. Cravath denies the averments in the second, third and fourth sentences of the first paragraph of Section II.E, except admits that on July 22, 2008 Plaintiff's Family Medical Leave Act ("FMLA") request was approved and that Plaintiff submitted a Certification of Health Care Provider in support of her FLMA request, and Cravath refers to that Certification for its contents.

10. Cravath denies the averments in the fifth sentence of the first paragraph of Section II.E, except admits that Plaintiff informed Cravath that she was pregnant on December 8, 2008.

11. Cravath denies the averments in the sixth sentence of the first paragraph of Section II.E

12. Cravath denies the averments in the seventh sentence of the first paragraph of Section II.E.

13. Cravath denies the averments in the eighth sentence of the first paragraph of Section II.E.

14. Cravath denies the averments in the first sentence of the second paragraph of Section II.E, except admits that Plaintiff's doctor identified her condition as chronic.

---

[1] Because of the format of Section II.E of the Complaint, Defendant has annexed to this Answer as "Exhibit 1" Section II.E of the Complaint indicating how Defendant broke that section into paragraphs.

15. Cravath denies the averments in the second sentence of the second paragraph of Section II.E.

16. Cravath denies the averments in the third sentence of the second paragraph of Section II.E.

17. Cravath denies the averments in the fourth sentence of the second paragraph of Section II.E.

18. Cravath denies the averments in the fifth sentence of the second paragraph of Section II.E.

19. The sixth sentence of the second paragraph of Section II.E contains a conclusion of law and therefore no response is required..

20. Cravath denies the averments in the seventh sentence of the second paragraph of Section II.E.

21. Cravath denies the averments of the first sentence of the third paragraph of Section II.E, except admits that March 16, 2009 was Plaintiff's last day at the firm prior to commencing maternity leave and that Mr. Scott Rademacher was the Manager of Night Secretaries and Document Processing at Cravath.

22. Cravath denies the averments of the second sentence of the third paragraph of Section II.E.

23. Cravath denies the averments of the third sentence of the third paragraph of Section II.E, except admits that Ms. Deborah Collum is a Human Resources Recruiter and that Ms. Collum and Mr. Rademacher held a meeting with Plaintiff on June 4, 2009, in which they issued her a verbal warning and related to Plaintiff that she had

taken more time off than she had accrued for 2009, leaving no paid time off left for her to take, and thus she should plan to be at work as scheduled for the remainder of 2009.

24. Cravath denies the averments of the fourth sentence of the third paragraph of Section II.E.

25. Cravath denies the averments of the fifth sentence of the third paragraph of Section II.E.

26. Cravath denies the averments of the sixth sentence of the third paragraph of Section II.E, except states that it is without knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's description of her medical condition.

27. Cravath denies the averments of the first and second sentences of the fourth paragraph of Section II.E, except admits that Ms. Paula Hansen was a night secretarial coordinator and that Plaintiff had a meeting with Ms. Hansen and Mr. Rademacher on January 4, 2010 in which she was reminded to schedule her time off.

28. Cravath denies the averments in the third sentence of the fourth paragraph of Section II.E, except states that it is without knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's description of her mental state and medical condition.

29. Cravath denies the averments of the fourth sentence of the fourth paragraph of Section II.E, except admits that Plaintiff called in personal days on January 5th and January 6th, 2010.

30. Cravath admits the averments of the first sentence of the fifth paragraph of Section II.E, except states that other topics were discussed at the meeting.

31. Cravath denies the averments of the second sentence of the fifth paragraph of Section II.E, except admits that Mr. Rademacher indicated to Plaintiff that he was going to contact Human Resources ("HR") regarding her excessive call-in days and absences.

32. Cravath denies the averments of the first sentence of the sixth paragraph of Section II.E, except states that it is without knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's description of her medical condition.

33. Cravath admits the averments of the second sentence of the sixth paragraph of Section II.E.

34. Cravath denies the averments of the third, fourth, fifth and sixth sentences of the sixth paragraph of Section II.E, except admits that Ms. Barbara Zappavigna is the Director of Document Processing and that Plaintiff's vacation request was sent to Ms. Zappavigna for approval.

35. Cravath denies the averments of the seventh sentence of the sixth paragraph of Section II.E, except admits that Ms. Hansen told Plaintiff that she did not need to put "for medical purposes" on her vacation request forms.

36. Cravath admits the averments of the eighth sentence of the sixth paragraph of Section II.E.

37. Cravath denies the averments of the ninth sentence of the sixth paragraph of Section II.E.

38. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the first sentence of the

seventh paragraph of Section II.E, and therefore denies them, except admits that Ms. Hansen spoke to Plaintiff on February 12, 2010 and informed her that her vacation request was approved.

39. Cravath states that it is without knowledge of information sufficient to form a belief as to the accuracy of the averments in the second sentence of the seventh paragraph of Section II.E, and therefore denies them, except admits that "for medical purposes" had been crossed off of Plaintiff's vacation request form.

40. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the third sentence of the seventh paragraph of Section II.E, and therefore denies them.

41. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the fourth sentence of the seventh paragraph of Section II.E, and therefore denies them, except admits that on February 25, 2010, Hodgins sent Plaintiff a memorandum indicating that she could not approve Plaintiff's FMLA request without further information from Plaintiff's doctor, and further states that the FMLA request was approved once further information was provided.

42. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the fifth sentence of the seventh paragraph of Section II.E, and therefore denies them.

43. Cravath denies the averments of the first sentence of the eighth paragraph of Section II.E, except admits that Ms. Zappavigna, Ms. Hansen and Ms.

Bobby Jo Brusco met with Plaintiff on March 5, 2010 and that March 5, 2010 was Plaintiff's three year anniversary at Cravath.

44. Cravath admits the averments in the second sentence of the eighth paragraph of Section II.E.

45. Cravath denies the averments in the third sentence of the eighth paragraph of Section II.E, except admits that Plaintiff, at that meeting, disclosed that she was pregnant and that she had chronic depression and indicated that her attendance issues were related to her condition.

46. Cravath denies the averments in the fourth sentence of the eighth paragraph of Section II.E.

47. Cravath denies the averments in the first sentence of the ninth paragraph of Section II.E, except admits that Ms. Lina Maglara is the Director of Human Resources, that Plaintiff sent an e-mail to Ms. Maglara on March 23, 2010, and Cravath refers to that e-mail for its contents. Cravath further states that it is without knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's description of her physical condition on March 23, 2010.

48. Cravath denies the averments in the second sentence of the ninth paragraph of Section II.E and refers to the March 23, 2010 e-mail sent to Ms. Maglara for its contents.

49. Cravath admits the averments in the third sentence of the ninth paragraph of Section II.E.

50. Cravath denies the averments in the fourth sentence of the ninth paragraph of Section II.E, except states that Plaintiff made statements about her pregnancy and alleged discrimination and harassment by Mr. Rademacher.

51. Cravath denies the averments in the fifth sentence of the ninth paragraph of Section II.E, except states that Plaintiff told Ms. Maglara and Ms. Brusco that she was not taking her medication and was stressed out.

52. Cravath denies the averments in the sixth sentence of the ninth paragraph of Section II.E.

53. Cravath denies the averments in the seventh sentence of the ninth paragraph of Section II.E, except admits that Harris Rothenberg LLP administers Cravath's Employee Assistance Program ("EAP") and that Ms. Maglara called Plaintiff on March 26, 2010 to inform her that a Harris Rothenberg representative would be contacting her to begin coordinating the treatment that Plaintiff had requested.

54. Cravath admits the averments in the eighth sentence of the ninth paragraph of Section II.E.

55. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the first sentence of the tenth paragraph of Section II.E, and therefore denies them, except Cravath admits that Plaintiff was evaluated on April 1, 2010 and was determined to be fit to return to work on April 12, 2010.

56. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the second sentence of the tenth paragraph of Section II.E, and therefore denies them.

57. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments in the third sentence of the tenth paragraph of Section II.E, and therefore denies them.

58. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments of paragraph eleven of Section II.E, and therefore denies them, except admits that Defendant received a formal letter claiming discrimination on May 25, 2011.

59. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments of paragraph twelve of Section II.E, and therefore denies them, except admits that Plaintiff submitted a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

60. Cravath states that it is without knowledge or information sufficient to form a belief as to the accuracy of the averments of paragraph thirteen of Section II.E, and therefore denies them, except admits that Plaintiff received a right to sue letter from the EEOC.

61. Cravath denies the averments in the first sentence of the fourteenth paragraph in Section II.E, except admits that Mr. Eric Lichtman is the Employee Benefits Manager and that Mr. Lichtman sent Plaintiff a letter dated November 10, 2010 regarding Long Term Disability.

62. Cravath admits the averments in the second and third sentences of the fourteenth paragraph in Section II.E.

63. Cravath states that it is without knowledge or information sufficient to form a belief as to Plaintiff's interpretation of the averments in the fourth

sentence of the fourteenth paragraph of Section II.E, except denies that there was a constructive discharge.

### Exhaustion of Federal Administrative Remedies

64. Cravath denies the averments of Section III.A, except states that it is without information or belief to determine the accuracy of Plaintiff's statement that in her best recollection she filed her charge with the EEOC on June 8, 2010.

65. Cravath denies the averments in Section III.B, except admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter, and further states that it is without information or belief to determine the accuracy of Plaintiff's statement that she received this letter on March 16, 2011.

66. Cravath states that the claim of age discrimination has not been asserted and accordingly no response is required to the averments of Section III.C. To the extent such a response is required, Cravath denies the averments of Section III.C.

### Relief

67. Cravath denies the averments in Section IV.

### Affirmative Defenses

Defendant Cravath asserts the following affirmative and other defenses. In asserting these defenses, Cravath does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. Cravath reserves the right to assert additional defenses that are revealed during discovery.

#### First Affirmative Defense

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to exhaust her administrative remedies specifically in regards to her averments of hostile work environment and constructive discharge and thus has failed to meet the statutory prerequisites necessary for pursuing those claims.

### Third Affirmative Defense

Plaintiff was an employee at will and could be discharged at any time, with or without good cause.

### Fourth Affirmative Defense

All employment decisions made with respect to Plaintiff were based on legitimate non-discriminatory factors unrelated to Plaintiff's physical or mental condition.

### Fifth Affirmative Defense

Cravath is not liable for retaliation because any adverse employment actions taken with respect to Plaintiff were unrelated to any complaints Plaintiff made about her alleged discrimination.

### Sixth Affirmative Defense

Plaintiff is barred from any recovery because Cravath had in place policies, procedures and other measures that reasonably should have prevented and/or corrected the discrimination and/or harassment that she alleges occurred, and Plaintiff unreasonably failed to invoke those measures in a timely manner, or otherwise avoid harm.

### Seventh Affirmative Defense

Any act or omission that Plaintiff complains of was taken in good faith.

<u>Eighth Affirmative Defense</u>

Plaintiff may not recover punitive or liquidated damages because at the time of the alleged acts or omissions giving rise to her claim for punitive or liquidated damages, Cravath had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with the applicable law.

<u>Ninth Affirmative Defense</u>

Any losses, damage or other injury suffered by Plaintiff arising in or out of Plaintiff's employment with Cravath were caused by Plaintiff's own actions or failure to act.

**<u>Prayer for Relief</u>**

WHEREFORE, defendant Cravath respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint against it in its entirety; and

2. Award such other and further relief as this Court deems just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees incurred by Cravath in defending this action, plus interest on any sums awarded thereunder.

3. In the alternative, Cravath requests that the Court dismiss Plaintiff's Complaint in respect to her averments of hostile work environment and constructive discharge as Plaintiff has failed to exhaust her administrative remedies in respect to these two averments as required by statute.

March 2, 2012

                    CRAVATH, SWAINE & MOORE LLP,

by
           /s/ Stuart W. Gold
                    Stuart W. Gold
                A member of the Firm

                    Worldwide Plaza
                  825 Eighth Avenue
                  New York, NY 10019
                    (212) 474-1000
                     sgold@cravath.com

                    *Defendant pro se*